IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PTG NEVADA, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DOES 1-25,<br><br>　　　　　　Defendants. | Case No. 16 C 1614<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Doe No. 12's Motion to Quash the Subpoena, for Leave to Proceed Anonymously and to Sever [ECF No. 13]. For the reasons stated herein, the Motion is denied.

### I.  BACKGROUND

Plaintiff, PTG Nevada, LLC, instituted this action against Does 1-25 seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* Plaintiff alleges that Defendants engaged in the unauthorized acquisition, copy and transfer of the copyrighted motion picture *Pay the Ghost* through the use of a network called BitTorrent.

BitTorrent is a computer program that allows people to share files over the Internet. BitTorrent's defining feature is that it allows files to be transferred between multiple computers simultaneously. Unlike other file-sharing programs,

which require users to download a file from a single "source computer," BitTorrent allows users to download many different pieces of a file from many different computers. The process begins when an initial user, known as an "initial seeder," uploads a file to the network. Then other users ("peers") connect to the network and attempt to download the initial seeder's file. As additional peers request the same file, each additional user becomes part of the network from which the file can be downloaded. As soon as a user downloads a piece of the computer file, BitTorrent simultaneously makes that piece available to other users who want to download the file. Each new file downloader receives a different piece of data from each user who has already downloaded the file so that together these pieces comprise the whole file. This system with multiple pieces of data coming from various peer members is usually referred to as a "swarm."

Plaintiff alleges that Does 1-25 participated in the same swarm when illegally acquiring, copying and transferring the movie in question. Plaintiff used geolocation technology to trace the Internet Protocol ("IP") addresses of each Defendant to a point of origin within the Northern District of Illinois, and alleges that each Defendant has an IP address based in this District and resides in or committed copyright infringement in this District. At the time Plaintiff filed its Complaint, each

Doe Defendant was known only by his IP address. Therefore, the Court granted Plaintiff's Motion for Expedited Discovery, allowing it to subpoena the Doe Defendants' Internet service providers ("ISPs") for identifying information associated with each IP address, including each individual's name and address. In response, Doe 12 filed this Motion to Quash the Subpoena, Proceed Anonymously and Sever the Claims against him from the claims being brought against the remaining Defendants.

## II. ANALYSIS

### A. Motion to Quash

Under Rule 45(c), "courts must quash a subpoena where it requires disclosure of privileged or other protected matter, if no exception or waiver applies," or where it subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A); *First Time Videos, LLC v. Does 1-500,* 276 F.R.D. 241, 250 (N.D. Ill. 2011). Doe 12 argues that Plaintiff's subpoena to Comcast should be quashed because it seeks "irrelevant information and constitut[es] an undue burden" on him. Taking the second point first, Rule 45 refers to the burden on the subpoenaed person or entity, not on a third party. As courts have recognized consistently, a subpoena directed to an ISP does not compel the individual defendant to produce any information, and thus does not burden him. *Malibu Media, LLC v. John Does 1-6,* 291 F.R.D. 191, 196 (N.D. Ill. 2013). Because the subpoena in question was issued

to Comcast, not Doe 12, he will suffer no "undue burden" should Comcast produce the information requested.

Doe 12's relevancy argument is equally unpersuasive. Specifically, Doe 12 contends that the subpoena seeks irrelevant information because the information linked to an IP address does not prove the identity of the infringer. Plaintiff counters that this evidence is relevant as it is likely to lead to the identity of the individual who downloaded the movie illegally. In fact, a subpoena seeking the identity of the subscriber whose internet connection was used to commit the infringement is the *only* means available to seek enforcement of one's copyrights against online infringement. While it is true that every IP address holder may not be an infringer, it is also reasonable to believe that the subscriber's name and address will aid in finding the true identity of the infringer. That is all that is required under FED. R. CIV. P. 26(b)(1). *Degen v. United States*, 517 U.S. 820, 825-26 (1996) ("In a civil case . . . a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." (internal quotation marks and citation omitted)). Thus, the Court denies Doe 12's Motion to Quash the Subpoena.

### B. Motion to Proceed Anonymously

Doe 12 also seeks leave to proceed anonymously. He asserts that his general privacy interests outweigh that of the public's interest in knowing his identity. This District has expressed repeatedly its "disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Vill. of Deerfield,* 819 F.3d 372, 376-77 (7th Cir. 2016). Therefore, to proceed anonymously, a party must demonstrate "exceptional circumstances" that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. *Id.* at 377; *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997). Doe 12 contends that this rule only applies to Plaintiffs seeking to pursue litigation anonymously, and that the same concerns are not present when a defendant seeks anonymity. Such a distinction is not supported by the case law; in discussing the topic, courts refer to the "parties" without distinguishing between the rights of plaintiffs and defendants. *See, e.g., Vill. of Deerfield,* 819 F.3d at 377. Therefore, the Court declines to apply the proposed distinction here.

This case does not contain allegations of exceptional circumstances similar to those in the cases involving illegally

obtained pornography relied upon by Doe 12. Unlike the Does in those actions, Doe 12 cannot make the claim (at least not convincingly) that Plaintiff is leveraging his fear of being publically shamed to obtain a settlement. The Court fails to see how Doe 12's privacy interest in avoiding the embarrassment associated with being accused of conduct against the law is any different than that of a defendant in any other case. These are not exceptional circumstances; therefore the Court denies Doe 12's Motion to Proceed Anonymously. *First Time Videos, LLC v. Does 1-500,* 276 F.R.D. 241, 248 (N.D. Ill. 2011) (stating that defendants' desire "to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue" their claims).

### C. Motion to Sever

Finally, Doe 12 seeks to have the claims against him severed from the claims being brought against the remaining Defendants. He argues that the joinder of Does 1-25 does not meet the requirements for permissive joinder under Federal Rule of Civil Procedure 20 because Plaintiff failed to allege that Does 1-25 participated in the BitTorrent swarm simultaneously, and therefore Defendants did not engage in a common series of transactions. *See,* Fed. R. Civ. P. 20(a).

Rule 20 provides in relevant part:

> *Defendants.* Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, *or series of transactions or occurrences;* and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2) (emphasis added). Under the plain language of Rule 20(a), joinder is allowed when a plaintiff has pled that the various defendants engaged in a "series of transactions or occurrences." *Id.*

Although the phrase "transaction or occurrence" is not defined in Rule 20(a), courts that have interpreted this phrase have looked to the similar "transaction or occurrence" test for compulsory counterclaims in Rule 13(a). *See,* FED. R. CIV. P. 13(a) ("a pleading must state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim: arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."). The Supreme Court has stated previously that for purposes of Rule 13(a), "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. N.Y. Exch.,* 270 U.S. 593, 610 (1926). Thus, "all 'logically related' events

entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (citing 7 *Fed. Prac. & Proc. Civ.* § 1653 (3d ed.)).

This Court recognized previously that a split of authority exists over whether it is appropriate to join in a single suit many anonymous defendants alleged to have participated in a single downloading "swarm." *Pac. Century Int'l v. Does 1-31,* 2012 WL 2129003, at *2 (N.D. Ill. June 12, 2012) (recognizing a split of authority and collecting cases). That division remains. While several judges in this District have, and continue to, sever defendants in BitTorrent cases like this, that approach appears to be the minority viewpoint. The Court believes, as it did in *Pacific Century International,* that the majority approach is the better course of action at this stage of the litigation. *See, id.*

Plaintiff has alleged that Does 1-25 participated in the same BitTorrent swarm and downloaded the same copy of a movie. The architecture of BitTorrent is such that each file downloaded by a peer in a swarm is made available automatically for upload by other peers. While a peer may upload to a relatively small number of peers directly, those peers in turn upload pieces to other peers who join the swarm later. Thus, a defendant's

"generation" of peers – peers to whom a defendant uploaded the file directly – helps pass on pieces of the copyrighted work to the next "generation" of active peers. Each Doe Defendant interacts, either directly or indirectly, with the other peers in the swarm in a series of transactions or occurrences that are logically related. Thus, Plaintiff's allegation that Does 1-25 participated in the same BitTorrent swarm is sufficient to warrant joinder under Rule 20.

### III. CONCLUSION

For the reasons stated herein, Defendant Doe 12's Motion to Quash the Subpoena, for Leave to Proceed Anonymously and to Sever [ECF No. 13] is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: June 28, 2016